UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISON AT ASHLAND

CIVIL ACTION NO. _____

LIBERTY MUTUAL FIRE INSURANCE
COMPANY                                                                                          PLAINTIFF

v.

KAY AND KAY CONTRACTING, LLC
    Serve:
        William Robinson, Registered Agent
        1355 Keavy Road
        London, KY  40744

And

MW BUILDERS, INC.                                                                        DEFENDANTS
    Serve:
        CT Corporation System
        306 W. Main Street
        Suite 512
        Frankfort, KY  40601

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), for its Complaint for Declaratory Relief against Defendants Kay and Kay Contracting, LLC and MW Builders, Inc., states:

### I.  PARTIES AND JURISDICTION

1. Plaintiff, Liberty Mutual, is a corporation incorporated under the laws of Massachusetts with its principal place of business in Massachusetts.  Liberty Mutual is authorized to do business in Kentucky.  Liberty Mutual is not a citizen of Kentucky or Missouri.

2.     Defendant, Kay and Kay Contracting, LLC ("Kay and Kay"), is and was at all times relevant hereto a Kentucky limited liability company, the Members of which (William Robinson and Ron L. Pfaff) are citizens of Kentucky.  Kay and Kay is not a citizen of Massachusetts.

3.     Defendant, MW Builders, Inc. ("MW"), is and was at all times relevant hereto a Missouri corporation with its principal place of business in a state other than Kentucky or Massachusetts.  MW is not a citizen of Massachusetts.

4.     This action concerns claims for coverage under an insurance policy for damages alleged to be well in excess of $75,000, exclusive of interest and costs.

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## II.     FACTUAL BACKGROUND AND REQUEST FOR DECLARATORY RELIEF

6.     Liberty Mutual is in the business of, among other things, issuing commercial general liability insurance policies.

7.     Liberty Mutual issued a Commercial General Liability Policy to Kay and Kay, No. TB2-151-275891-037, with a policy period of January 1, 2007 to January 1, 2008 ("the Policy).  The Policy was renewed for a policy period of January 1, 2008 to January 1, 2009.

8.     On or about January 9, 2007, Kay and Kay entered into a contract with MW, the general contractor, to perform site preparation as part of the construction of a Wal-Mart store in Morehead, Kentucky.

9.     Upon information and belief, the Wal-Mart store construction project was completed in 2007.

10.   In or about July 2009, MW notified Kay and Kay that settling and building movement were discovered at the Wal-Mart store.

11.   MW has alleged that the damage to the Wal-Mart store is a consequence of faulty workmanship by Kay and Kay.

12.   MW has demanded that Kay and Kay acknowledge its contractual responsibility and obligation to remedy all deficiencies and defects on the construction project resulting from the faulty workmanship of Kay and Kay.

13.   MW has demanded that Kay and Kay agree to perform the required repairs to the Wal-Mart resulting from the alleged faulty workmanship of Kay and Kay.

14.   In demanding a defense and indemnity from Kay and Kay, MW has alleged that it is an additional insured under the Policy and that Liberty Mutual may owe it a defense and indemnity relating to the faulty construction of the Wal-Mart.

15.   By letter dated July 23, 2010, Kay and Kay advised Liberty Mutual that it had "received a final 'Notice of Default' Letter from MW Builders with respect to this matter, demanding that Kay and Kay mobilize to correct the structural issues on the Wal-Mart project."

16.   By letter dated July 23, 2010, Kay and Kay advised Liberty Mutual that "Kay and Kay has decided at this time to mobilize to fix the alleged problems on the project."

17.   By letter dated July 23, 2010, Kay and Kay has demanded that Liberty Mutual agree "to pay for a defense to Kay and Kay and to indemnify it for all expenses and costs involved" in performing the construction repairs demanded by MW.

18.   The Insuring Agreement of the Policy provides in relevant part:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies….

      b. This insurance applies to "bodily injury" and "property damage" only if:
         (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
         (2) The "bodily injury" or "property damage" occurs during the policy period;

19. Under the Policy, "Property damage" means:

      a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it, or

      b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.
      ….

20. MW's claim against Kay and Kay does not constitute Property Damage that is covered by the Policy.

21. Under the Policy, "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

22. MW's claim against Kay and Kay does not constitute an Occurrence that is covered by the Policy.

23. MW's claim against Kay and Kay does not constitute property damage that occurred during the Policy period.

24. One or more of the Commercial General Liability Coverage Form Exclusions may also apply to the coverage claims of MW and/or Kay and Kay, including, without limitation, Exclusions j, k, l and m.

25. Kay and Kay's demand that Liberty Mutual agree "to pay for a defense to Kay and Kay and to indemnify it for all expenses and costs involved" in performing the construction repairs demanded by MW is not covered by the Policy.

26. Liberty Mutual does not owe Kay and Kay a defense or indemnity relating to the faulty construction of the Wal-Mart store.

27. Liberty Mutual does not owe MW a defense or indemnity relating to the faulty construction of the Wal-Mart store.

28. All conditions precedent to the relief requested by Liberty Mutual have been performed or have occurred.

29. There is an actual controversy existing between the Liberty Mutual and Kay and Kay concerning Liberty Mutual's obligations, if any, to provide coverage under the Policy to Kay and Kay for claims described above.

30. There is an actual controversy existing between the Liberty Mutual and MW concerning Liberty Mutual's obligations, if any, to provide coverage under the Policy to MW for claims described above.

31. Liberty Mutual has no adequate remedy at law and this is a proper case for the Court to exercise jurisdiction and declare rights and liabilities of the parties.

32. The judgment requested by Liberty Mutual will serve a useful purpose in clarifying and settling the legal relations at issue.

33. The judgment requested by Liberty Mutual will provide relief from the uncertainty, insecurity and controversy giving rise to this action.

34. Liberty Mutual is entitled to entry of a judgment under Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2201-2202 declaring that Kay and Kay's claim for a defense and indemnity is not covered under the Policy, and that MW's claim for a defense and indemnity is not covered under the Policy.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, demands that judgment be entered against Defendants, Kay and Kay Contracting, LLC and MW Builders, Inc., jointly and severally, as follows:

1. Declaring: that Kay and Kay's claim for a defense and indemnity is not covered under the Policy; and that MW's claim for a defense and indemnity is not covered under the Policy.

2. Awarding Liberty Mutual its costs and attorneys fees if appropriate; and

3. Awarding Liberty Mutual any and all other relief to which it may appear entitled.

Respectfully submitted,

s/Robert L. Steinmetz
Robert L. Steinmetz
rsteinmetz@gsblegal.com
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY  40202
(502) 618-5711 (phone)
(502) 618-5701 (fax)

*Counsel for Liberty Mutual Fire Insurance Company*

T:\STEINMETZ\LIBERTY\Kay and Kay - LMFIC\Complaint - Kay and Kay.docx